NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JANICE L. MANNION,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY**
*Respondent.*

---

2011-3089

---

Petition for review of the Merit Systems Protection Board in case No. PH315H080586-I-1.

---

Decided: July 11, 2011

---

JANICE L. MANNION, Hingham, Massachusetts, pro se.

MATTHEW F. SCARLATO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, DEBORAH A. BYNUM, Assistant Director.

---

Before NEWMAN, SCHALL and MOORE, *Circuit Judges*.

PER CURIAM.

Ms. Janice L. Mannion, appearing pro se, appeals the Merit Systems Protection Board's (Board) decision denying her request to reopen and reinstate her appeal. Resp't's App. 6-9. Because the Board did not abuse its discretion, we *affirm* the Board's decision to deny her request to reopen and reinstate her appeal.

BACKGROUND

The Department of the Treasury (Treasury) hired Ms. Mannion in 1987 as a Revenue Agent. After serving a one-year probationary period, Ms. Mannion continued working for Treasury until she resigned in August 2004. Nearly three years after her resignation, Treasury rehired Ms. Mannion as a Revenue Agent on August 6, 2007. As a condition of her rehire, Treasury required Ms. Mannion to complete another one-year probationary period.

During her probationary period, Ms. Mannion's manager John Greenwood allegedly observed repeated deficiencies in Ms. Mannion's performance. Based upon these observations, Mr. Greenwood gave Ms. Mannion failing or unacceptable ratings in several aspects of her Critical Job Elements. Because Ms. Mannion allegedly failed to satisfy her Critical Job Elements, the agency terminated Ms. Mannion effective August 2, 2008, before she completed her one-year probationary period.

On August 7, 2008, The National Treasury Employees Union (NTEU) filed a grievance challenging Ms. Mannion's termination. On August 29, 2008, Ms. Mannion filed an appeal to the Board challenging her removal arguing that when Treasury rehired her, she was a tenured employee and did not have to complete a new probationary period. Ms. Mannion also claimed that her

termination was the result of discrimination based upon her marital status, age, sex, and as an act of reprisal.

The parties entered into settlement negotiations with the assistance of the administrative law judge. As a result of these negotiations, Ms. Mannion agreed to settle her appeal. The settlement agreement indicates that Ms. Mannion agreed to settle after consulting with her attorney and the administrative judge regarding "the state of the law regarding probationary employees and the limited grounds available to challenge a removal . . . ." *Id.* at 68. Probationary employees have a limited regulatory right of appeal, but have no statutory right of appeal because they are excluded from the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A).

On January 29, 2009, she voluntarily withdrew her appeal pursuant to the terms of the settlement agreement and the administrative judge dismissed Ms. Mannion's appeal in an initial decision dated February 12, 2009. Pursuant to the settlement agreement, Treasury agreed to, *inter alia,* pay Ms. Mannion $25,000 in attorneys' fees and issue a new Standard Form 50 (SF-50) reflecting a voluntary resignation "for personal reasons."[1] *Id.* at 69. Ms. Mannion agreed to:

> [V]oluntarily waive[ ] any and all right to file, pursue or litigate in any forum, including, but not limited to the . . . MSPB . . . any and all claims of any kind, legal, equitable, or otherwise, which relate to or arise from her employment with the Agency occurring prior to the date of full execution of this Agreement. This waiver includes but is not limited to any claims raised or which could

---

[1] This portion of the settlement agreement contains a clear typographical error and should refer to Standard Form 52, not SF-50.

have been raised relating to her removal from employment, and any claims of discrimination, hostile work environment, retaliation, or the like, pending or which could have been raised relating to her removal from employment . . . .

*Id.* at 68-69.

On March 8, 2010, Ms. Mannion filed a petition for review with the Board. In the petition, Ms. Mannion argued that the Board should reconsider her appeal in light of its later decision in *Abdullah v. Department of the Treasury*, 113 M.S.P.R. 99 (2009). Because Ms. Mannion previously withdrew her appeal, the Board treated Ms. Mannion's petition as a request to reopen and reinstate the withdrawn appeal. *Id.* at 7. Applying the "unusual circumstances" standard, the Board rejected Ms. Mannion's request because the settlement agreement precluded reopening and reinstating the appeal. *Id.*

## DISCUSSION

Our review of a Board decision is limited by statute. Pursuant to 5 U.S.C. § 7703, we must sustain the Board's decision unless it is: 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. We review the Board's decision to not reopen or reinstate an appeal for an abuse of discretion. *See, e.g.*, *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1378 (Fed. Cir. 2003).

The Board has long held that the "withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and . . . the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new

and material evidence." *See, e.g., Brown v. Dep't of the Navy*, 71 M.S.P.R. 451, 453-54 (1996) (citing *Natividad v. Dep't of Health & Human Servs.*, 63 M.S.P.R. 114, 117 (1994); *Scarboro v. Dep't of the Navy*, 55 M.S.P.R. 494, 498 (1992)). Ms. Mannion, however, did not withdraw her appeal in a vacuum. Instead, as a condition to settlement, Ms. Mannion "withdrew and terminated with prejudice her appeal before the MSPB . . . [and] voluntarily waive[d] any and all rights to file, pursue or litigate in any forum, including . . . the MSPB . . . any and all" of her claims against Treasury. Resp't's App. 68. As the Board correctly determined, because Ms. Mannion waived her claims by executing the settlement agreement, it would be improper to allow Ms. Mannion to reinstate or reopen her appeal. *Id.* at 8.

Ms. Mannion contends that we should set aside the settlement agreement, because she decided to settle after receiving erroneous advice from the administrative judge. Specifically, Ms. Mannion contends that her decision to settle was based on the administrative judge's "false assumption" that she was a probationary employee and, thus, not entitled to full appeal rights. Ms. Mannion contends that the Board's later holding in *Abdullah* indicates that that administrative judge was incorrect and she was a non-probationary employee with adverse action appeal rights. Ms. Mannion also cites to other evidence, including the 2010 Federal Personnel Handbook, numerous government websites, and an email from an attorney she hired to review her case, that she contends support her argument that she was not a probationary employee at the time of her termination.

We see no reason to set aside the settlement agreement in light of the Board's decision in *Abdullah* or any of the other evidence cited by Ms. Mannion. "It is well-established that in order to set aside a settlement, an

appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000). As a letter from Ms. Mannion's legal counsel to the Board illustrates, prior to settlement, the parties disputed whether Ms. Mannion was a probationary employee. The letter states that "[a]lthough [Treasury] contends that Ms. Mannion is a probationary employee, please note that she disputes this allegation and maintains that she was a tenured employee who completed any probation to which she may have been subject." Resp't's App. 46. Even if the administrative judge during settlement informed Ms. Mannion that she was unlikely to prevail on her arguments that she was a tenured employee, Ms. Mannion was fully represented by counsel during this process. Although her attorney previously contended that she was not a probationary employee at the time of her termination, Ms. Mannion decided to forgo her claims against Treasury in exchange for, *inter alia*, $25,000 in attorney's fees and the issuance of a SF-50 stating her removal was a voluntary resignation "for personal reasons." *Id.* at 69-71.

Public policy favors settlement and a party cannot set aside a settlement agreement simply because changing precedent or new evidence makes its chances of achieving success on the merits more likely. To hold otherwise would mean no settlement agreement would truly be final, and the government would have no incentive to enter into settlements that reach fair compromises and avoid costly litigation.

There is also no evidence that Treasury breached the settlement agreement. Ms. Mannion insinuates that Treasury breached the settlement agreement by failing to provide a SF-50 that reflects her career tenure. Pet'r's Br. 6. The settlement agreement only requires that the form

indicate Ms. Mannion's "reason for resignation" as "resigned for personal reasons." Resp't's App. 69. The settlement agreement, however, says nothing about career tenure and nowhere requires the government to indicate that Ms. Mannion had career tenure.

The Board did not abuse its discretion when it determined that Ms. Mannion may not reopen and reinstate her appeal after withdrawing it with prejudice and waiving any right to further pursue the appeal or any other action before the Board. We have considered Ms. Mannion's other arguments and find them unpersuasive in light of the settlement agreement.

CONCLUSION

For the reasons discussed above, we affirm the Board's denial of Ms. Mannion's request to reopen and reinstate her appeal.

**AFFIRMED**

COSTS

Each party shall bear its own costs.