NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RIXEY M. LONDON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3076

---

Petition for review of the Merit Systems Protection Board in case no. DC315H110951-I-1.

---

Decided: August 8, 2012

---

RIXEY M. LONDON, of Gaithersburg, Maryland, pro se.

DAVID BROOKS, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before Rader, *Chief Judge*, Lourie, and Reyna, *Circuit Judges*.

PER CURIAM.

Petitioner *pro se*, Rixey M. London, seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely. For the reasons outlined below, we affirm.

I

The General Services Administration terminated Mr. London from his position as a Building Management Specialist effective January 17, 1986. On September 15, 2011 -- more than 25 years later -- Mr. London appealed his removal to the Board. In an Acknowledgement Order of September 23, 2011, the administrative judge notified Mr. London that his case appeared to be untimely and directed him to file evidence and argument regarding whether his appeal was timely or that good cause existed for waiving the filing deadline. In response, Mr. London stated that he had no excuse for his untimely filing except that he could not afford to litigate his case and at the time, thought he had little or no chance of prevailing. He also appears to have suggested that he had an attorney at one point who filed an appeal relating to his removal with the Board.

The agency moved to dismiss Mr. London's appeal as untimely filed without good cause shown, and the administrative judge granted the motion. That decision became final on December 27, 2011.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

This Court shall hold unlawful and set aside any Board action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Generally an appeal to the Board must be filed within 30 days of the effective date of the action subject to the appeal or 30 days after the date of receipt of the agency's decision. *See* 5 C.F.R. § 1201.22(b)(1). Because it is undisputed that Mr. London's appeal was untimely, the issue presented on appeal is whether Mr. London showed good cause for the filing delay. *See* 5 C.F.R. § 1201.22(c). The finding of good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (*en banc*). As the petitioner, Mr. London must demonstrate an excusable delay by showing an exercise of due diligence or ordinary prudence under the circumstances. *Id.*

In determining whether good cause exists for delay, the Board considers the following factors, not necessarily all-inclusive: (i) the length of the delay; (ii) whether the appellant was notified of the time limit or otherwise knew of it; (iii) the existence of circumstances beyond the appellant's control that affected his ability to comply with the deadline; (iv) the appellant's negligence, if any; (v) whether the failure was due to excusable neglect; (vi) a showing of unavoidable casualty or misfortune; and (vii) the extent and nature of prejudice to the opposing party. *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

Upon review of these factors, we conclude that the administrative judge properly dismissed Mr. London's appeal as untimely without good cause shown for the delay. Mr. London's contentions that he was unable to afford to litigate the case and doubted that he would prevail do not constitute good cause for delay. *See, e.g.*, *Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 659 (Fed. Cir. 2011) (holding that "the Board properly held that neither alleged financial hardship nor inability to engage counsel establish good cause for [a] delay" of more than 11 months); *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1378 (Fed. Cir. 2003) ("an election not to pursue further remedies because of a belief that further review would be fruitless does not constitute a showing of good cause for a filing delay"); *Tamayo v. Office of Pers. Mgmt.*, 88 M.S.P.R. 685, 687-88 (2001) (stating that "inability to secure a representative," "financial difficulty," or "the appellant's assertions about lacking the faith and courage to proceed" do not establish good cause for untimely filing).

The record supports the administrative judge's conclusion that, taken together, the *Walls* factors indicate that Mr. London did not establish good cause for his 25-year filing delay.[1] Although the record is unclear as to whether he was notified of his right to appeal upon his termination, by his own admission his only excuse for the delay was financial hardship and doubt regarding his chance of success, neither of which establishes good

---

[1] Indeed, Mr. London's petition to this Court primarily addresses the merits of his removal rather than disputing the Board's finding that his appeal was untimely.

cause.[2]   The record also substantiates the Board's additional findings that Mr. London failed to demonstrate legally acceptable circumstances that rendered him unable to comply with the filing deadline, that the delay was not otherwise excusable, and that the lengthy delay would prejudice the agency.  For the foregoing reasons, we affirm.

**AFFIRMED**

No costs.

---

[2]   In his second reply, Mr. London seems to suggest that he hired counsel to appeal his termination, demonstrating awareness of his appellate rights.  *See Price v. U.S. Postal Serv.*, 98 M.S.P.R. 25, 29 (2004) (dismissing appeal as untimely where "[e]ven assuming that the appellant did not receive notice that he could appeal, the appellant has not shown why it took him over 21 years to discover and exercise his appeal rights" and describing the delay "as so unreasonable as to be grossly negligent").