NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBIN WEISS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3105

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-10-0671-B-1.

---

Decided: February 10, 2015

---

ROBIN WEISS, Kensington, MD, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by MICHAEL ANTON CARNEY, BRYAN G. POLISUK.

---

Before WALLACH, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

After untimely submitting her petition for review of the Merit Systems Protection Board's initial decision, Robin Weiss asked the Board to waive its timely filing requirement for good cause. The Board denied Ms. Weiss's request, finding that she had not shown that her alleged medical illness and technical issues prevented her from timely filing. Because the Board's decision was not an abuse of discretion, we affirm.

I

On June 4, 2010, the Department of the Interior terminated Ms. Weiss's probationary appointment as a Land Law Assistant with the Department's Bureau of Land Management in Springfield, Virginia. Ms. Weiss appealed the Department's termination with the Merit Systems Protection Board, alleging discrimination on the basis of age, marital status, race, religion, national origin; and alleging retaliation for her participation in filing a complaint with the Equal Employment Opportunity Commission.

On February 3, 2011, the Administrative Judge issued an initial decision finding that the Board did not have jurisdiction over Ms. Weiss's claims because she was terminated during her probationary period, she failed to make a non-frivolous allegation of political or marital status discrimination, and she failed to show that she exhausted the administrative remedies available for Whistleblower Protection Act claims. Ms. Weiss appealed this decision. The Board affirmed the dismissal of the discrimination claims, but vacated the dismissal of the Whistleblower Protection Act claims for failure to exhaust her administrative remedies. The Board ordered the Administrative Judge to fully inform the parties of the jurisdictional requirements in an individual-right-of-action Whistleblower Protection Act appeal.

On November 21, 2012, the Administrative Judge issued an initial decision finding that Ms. Weiss had not proven by a preponderance of the evidence that the Department retaliated against her due to disclosures protected under the Whistleblower's Protection Act. Accordingly, the Administrative Judge denied Ms. Weiss's request for corrective action.

On December 19, 2012, Ms. Weiss requested an extension of time to file her petition for review of the Administrative Judge's November 21, 2012 decision. The Board granted Ms. Weiss's request and extended the deadline from December 26, 2012 to January 7, 2013.

Ms. Weiss filed her petition for review on January 8, 2013. On January 15, 2013, the Board—apparently unaware that it had extended Ms. Weiss's deadline to January 7, 2013—notified Ms. Weiss that her petition appeared to be untimely because it was not filed by December 26, 2012. The Board's notification letter stated that a petition for review that appears to be untimely must be filed with a motion (1) to accept the filing as timely, and/or (2) to waive the time limit for good cause. The notification letter also stated that any such motion Ms. Weiss may wish to file must be filed by January 30, 2013.

On July 22, 2013—over six months later—Ms. Weiss filed a "motion to accept filing as timely or to ask the Board to waive or set aside the time limit." Resp't's App. 44–59. This motion claimed that Ms. Weiss's petition was untimely due to "technical issues regarding e-filing and other circumstances[.]" *Id.*

On December 27, 2013, the Board issued an order, explaining that its January 15, 2013 notification letter misstated the petition for review's deadline as December 26, 2012 instead of January 7, 2013. Due to this error, the Board granted Ms. Weiss an additional opportunity through January 6, 2014, to submit additional evidence

and argument supporting her motion for leave to waive the timely filing requirement.

On January 7, 2014, one day after the deadline, Ms. Weiss submitted another motion to waive the Board's time limit. In this motion, Ms. Weiss claimed that her petition was untimely because she was ill. She made no mention of the technical issues she alleged in her July 22, 2013 motion.

On February 28, 2014, the Board issued a final order dismissing Ms. Weiss's petition as untimely filed. The Board noted that although her deadline had been extended to January 7, 2013, Ms. Weiss did not file her petition until January 8, 2013. The Board acknowledged that Ms. Weiss was pro se and that the 1-day delay was minimal, but found that she had failed to show good cause for the delay. Ms. Weiss appeals.

## II

A petition for review of an administrative judge's decision must be filed with the Board within 35 days. 5 C.F.R. § 1201.114(e). The Board has discretion to waive this requirement if a party requests such waiver and shows good cause. 5 C.F.R. §§ 1201.12 and 1201.114(f), (g). Petitioners seeking a waiver must file "[a] specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence." *Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 659 (Fed. Cir. 2011) (citation omitted). Although the length of delay is a factor the Board must consider in its analysis of whether to waive the timely filing requirement, it is not the only factor to be considered. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (explaining that other factors properly considered by the Board include: the appellant's notice of the time limit, the existence of circumstances beyond the appellant's control, the appellant's negligence, any excusable neglect, unavoidable casualty or misfortune, and the

extent and nature of prejudice to the agency) (citation omitted).

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Accordingly, an appellant bears a "heavy burden" to overturn the Board's determination that good cause has not been shown for an untimely filing. *Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1282 (Fed. Cir. 2011) (internal quotation omitted). Further, we must affirm the Board's underlying factual determinations unless they are not supported by substantial evidence. 5 U.S.C. § 7703(c).

Ms. Weiss argues that we should reverse the Board because her failure to timely file a petition was due to medical illness and technical issues with the Board's e-filing system. Because substantial evidence supports the Board's findings on each of these arguments, we must affirm.

Substantial evidence supports the Board's finding that Ms. Weiss did not show that her medical illness prevented her from timely filing during the entire delay period. The only evidence Ms. Weiss provided was a statement from an acquaintance that Ms. Weiss was sick with the flu from "about December 2012/January 2013." Resp't's App. 3 (citing Pet. For Review File, Tab 26 at 4). This does not show that Ms. Weiss was sick throughout the entire period of delay. *See Ford-Clifton*, 661 F.3d at 659 (affirming the Board's denial of a motion to waive the timely filing requirement because the petition did not "affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing"). Additionally, Ms. Weiss does not explain why her illness was sufficiently serious to

prevent her from timely filing. Ms. Weiss was well enough to file a motion to extend her initial deadline during the period she claims to have had the flu, and she has not alleged or provided any evidence suggesting that her illness intensified after her initial extension request.

Additionally, Ms. Weiss offered no evidence supporting her allegation that she encountered technical issues with the Board's e-filing system. She did not state when she had the alleged issue, what the alleged issue was, or explain why that alleged issue prevented her from timely filing.

We have considered Ms. Weiss's other arguments and find them unpersuasive. Accordingly, we conclude that the Board's factual findings were supported by substantial evidence, and, based on these findings, conclude that the Board did not abuse its discretion in denying Ms. Weiss's motion to waive the timely filing requirement.

## AFFIRMED

No costs.