NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES EDWARDS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3020

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-13-0303-I-1.

---

Decided: April 14, 2015

---

CHARLES EDWARDS, Seattle, WA, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

After untimely submitting his petition for review of the Merit Systems Protection Board's initial decision, Charles D. Edwards asked the Board to waive its timely filing requirement for good cause. The Board denied Mr. Edwards's request, finding that he did not show that the new evidence he submitted was sufficient to change the outcome, or that a medical condition prevented him from timely filing. Because the Board's decision was not an abuse of discretion, we affirm.

I

The Department of the Navy terminated Mr. Edwards from his position, and he appealed to the Merit Systems Protection Board. On June 21, 2013, Mr. Edwards and the Department agreed to mediate his appeal through the Board's Mediation Appeals Program. During mediation, the parties entered into a settlement agreement, which was forwarded to the Administrative Judge assigned to Mr. Edwards's appeal. On August 19, 2013, the Board issued an initial decision dismissing Mr. Edwards's appeal due to the settlement agreement. In its Notice of Decision, the Board informed Mr. Edwards that he had until September 23, 2013 to file a petition for review of the Board's initial decision.

On November 4, 2013—over seventy days after issuance of the initial decision—Mr. Edwards filed a petition for review of the Board's initial decision. On November 25, 2013, the Board acknowledged receipt of the petition for review, and stated that the petition was untimely. The Board issued a deadline of December 10, 2013 for Mr. Edwards to file a motion to accept the filing as timely or to waive the time limit.

On December 3, 2013, Mr. Edwards filed a motion to waive his December 10, 2013 deadline. This motion stated that Mr. Edwards was "requesting time for the

lawyers [to] look over the paperwork." Resp't's Appendix at 53.

On December 17, 2013, Mr. Edwards filed a motion to waive the September 23, 2013 deadline for a petition to review the initial decision. Even though the deadline to submit such a motion was December 10, 2013, because of Mr. Edwards's December 3, 2013 motion, the Board accepted the motion as timely in a December 18, 2013 order.

On August 27, 2014, the Board denied the motion. The Board held that Mr. Edwards did not show why the new evidence he submitted after the initial decision warranted an outcome different from the initial decision. The Board also found that although Mr. Edwards had included some medical evidence in his motions to waive the time limit, it did not show why Mr. Edwards's medical problems prevented him from timely filing.

Mr. Edwards appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of Board decisions is limited. *See* 5 U.S.C. § 7703(c). We cannot reverse a Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Id.*

A petition for review of an administrative judge's decision must be filed with the Board within 35 days. 5 C.F.R. § 1201.114(e). The Board has discretion to waive this requirement if a party requests waiver and shows good cause. 5 C.F.R. §§ 1201.12 and 1201.114(f), (g). Petitioners seeking a waiver must file "[a] specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other

evidence." *Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 659 (Fed. Cir. 2011) (citation omitted).

When considering a motion to waive the timely filing requirement for good cause, the Board considers the length of the delay, the appellant's notice of the time limit, the existence of circumstances beyond the appellant's control, the appellant's negligence, any excusable neglect, unavoidable casualty or misfortune, and the extent and nature of prejudice to the agency. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (citation omitted). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Accordingly, an appellant bears a "heavy burden" to overturn the Board's determination that good cause has not been shown for an untimely filing. *Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1282 (Fed. Cir. 2011) (internal quotation omitted).

Mr. Edwards first asserts that the Board's December 18, 2013 order already accepted his petition for review as timely filed. However, he misunderstands the Board's order. The Board did not find that the petition for review was timely filed, but, rather, that the motion to waive the time limit for filing the petition was timely filed.

We also find no error in the Board's finding that Mr. Edwards did not show good cause. While he did submit new evidence after the initial decision, he does not explain how this new evidence would change the outcome. Thus, the Board did not abuse its discretion in finding that the new evidence did not justify Mr. Edwards's untimely filing. *See Armstrong v. Dep't of Treasury*, 591 F.3d 1358, 1362 (Fed. Cir. 2010) ("[W]e cannot say that it was wrong for the MSPB to consider whether [the peti-

tioner's] new evidence was of sufficient weight to warrant a different outcome from that of the initial decision.") (internal quotation omitted).

Additionally, substantial evidence supports the Board's finding that Mr. Edwards's medical evidence does not show good cause for the delay, because it does not show that he was ill throughout the entire period of delay or that this illness prevented him from timely filing. *See Ford-Clifton*, 661 F.3d at 659 (affirming the Board's denial of a motion to waive the timely filing requirement where the petition did not "affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing"). One of the medical documents is dated June 26, 2013, and does not implicate the relevant delay period. And although the other is dated during the relevant time period, it actually suggests that Mr. Edwards was healthy and able to timely file a petition.

We have considered Mr. Edwards's other arguments and find them unpersuasive. Accordingly, we conclude that Mr. Edwards has not met his heavy burden of showing reversible error in the Board's decision not to waive the timely filing requirement.

## AFFIRMED

No costs.