NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAJUANNA R. SCOTT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2023-1134

_____

Petition for review of the Merit Systems Protection Board in No. DA-0752-22-0408-I-1.

_____

Decided: May 9, 2023

_____

LAJUANNA R. SCOTT, La Grange, TX, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before MOORE, *Chief Judge*, MAYER and HUGHES, *Circuit Judges*.

PER CURIAM.

LaJuanna Scott appeals a decision of the Merit Systems Protection Board (Board or MSPB) dismissing her appeal as untimely. For the following reasons, we *affirm*.

## BACKGROUND

Ms. Scott was previously employed by the United States Postal Service (USPS) as a full-time Regular City Carrier in Houston, Texas. S. Appx. 23. By letter dated May 24, 2021, the USPS proposed Ms. Scott's removal based on charges of failure to follow FMLA leave requesting procedures, failure to follow her supervisor's directions, and unauthorized absences. S. Appx. 2, 17–21. Ms. Scott did not respond. S. Appx. 2. On August 30, 2021, the USPS informed Ms. Scott by express, priority, and first-class mail of its decision to remove her effective September 3, 2021. S. Appx. 17–21. The August 30th letter notified Ms. Scott she could appeal the USPS' decision to the Board and provided her with a copy of the appropriate appeal form. S. Appx. 19. It also informed her that if she wished to appeal, she must do so "within 30 days after the date [she] received this notice or the effective date of this decision, whichever is later" and that if she missed the deadline without good cause her appeal would be dismissed. S. Appx. 19.

Ms. Scott did not attempt to appeal her removal until May 31, 2022, when she submitted a notice of appeal by email to the Clerk of the Board. S. Appx. 30. On June 1, 2022, the Clerk responded that appeals cannot be filed by email and informed Ms. Scott she should instead use the e-filing system or submit her appeal by regular mail. S. Appx. 30. Ms. Scott then filed a notice of appeal by regular mail on August 17, 2022. By order of August 23, 2022, an administrative judge (AJ) of the Board informed Ms.

Scott there was a question as to whether her appeal was timely filed and instructed her to provide evidence either that it was timely or that good cause existed for any delay. S. Appx. 32–36 (Show Cause Order). Ms. Scott did not respond.

On September 28, 2022, the AJ dismissed Ms. Scott's appeal as untimely. The AJ found there was sufficient evidence to support that Ms. Scott did not receive the USPS' August 30, 2021 notice of removal, but noted Ms. Scott conceded she had received the removal letter by May 18, 2022. S. Appx. 4. As such, the deadline for timely appeal was no later than June 17, 2022, sixty-one days before her August 17th filing. S. Appx. 4. The AJ then considered whether Ms. Scott's delay was excusable for good cause. S. Appx. 4–6. The AJ noted that while Ms. Scott had attempted to appeal her removal on May 31, 2022—within the 30-day deadline—that appeal was ineffectual and she had provided no explanation why she did not refile until August 17, despite the Clerk's explicit instructions on June 1 about how to do so. S. Appx. 5–6. The AJ also considered Ms. Scott's allegations that she was suffering from a back injury while simultaneously caring for her mother but found Ms. Scott had failed to establish any causal link between those unfortunate circumstances and her delay or to provide corroborating medical evidence. S. Appx. 6. Because Ms. Scott did not otherwise demonstrate good cause for her delay, the AJ dismissed. *Id.* Ms. Scott appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

Pursuant to 5 C.F.R. § 1201.22(b)(1), "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a

matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). We will reverse the Board's dismissal for failure to timely appeal "only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* (citing 5 U.S.C. § 7703(c)). Ms. Scott bore the burden to demonstrate that her failure to timely appeal was excused by good cause. *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1390 (Fed. Cir. 1982).

The AJ did not abuse his discretion in determining Ms. Scott failed to meet her burden to demonstrate good cause for her delay. Before the Board, Ms. Scott did not dispute that she received the Clerk's June 1 email explaining that appeals must be filed through the MSPB's e-filing system or through regular mail. S. Appx. 5. Nor did Ms. Scott offer any explanation as to why she delayed another six weeks to act on that information. *Id.* Further, because Ms. Scott did not respond to the AJ's Show Cause Order to produce evidence, the AJ was left only to consider Ms. Scott's unsupported allegations regarding her delay. *See Mendoza*, 966 F.2d at 653 ("A petitioner who ignores an order of the Administrative Judge does so at his or her own peril."). The AJ considered Ms. Scott's allegations regarding her medical and family condition, as well as Ms. Scott's pro se status, but appropriately found these uncorroborated allegations did not justify waiving a sixty-one-day delay. *See Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 659 (Fed. Cir. 2011) ("[W]hen petitioners allege delay for medical reasons, they must affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing."). In the absence of any corroborating evidence demonstrating Ms. Scott's delay was excusable, the AJ did not abuse his discretion in declining to waive the filing deadline.

On appeal, Ms. Scott argues she did not check her email for several weeks after attempting to submit her

appeal, and therefore missed the Clerk's June 1 email, because she was depressed and was expecting a response by mail.[1] Appellant's Informal Op. Br. 2. As noted, it does not appear Ms. Scott raised this argument to the Board. *See* S. Appx. 2, 5–6 (noting Ms. Scott did not respond to the Show Cause Order and did not dispute her receipt of the June 1 email). But even if she had, it would not demonstrate the AJ's decision was an abuse of discretion. Allegations of physical or mental illness must be substantiated "by supporting documentation or other evidence." *Ford-Clifton*, 661 F.3d at 659 (quoting 5 C.F.R. § 1201.114(f)(2)). Here, Ms. Scott has not submitted any medical records indicating she suffers from depression or explained with any particularity how her depression prevented her from timely filing her appeal or requesting an extension. Similarly, Ms. Scott has not produced any evidence indicating her expectation of a paper mail response was due to misinformation from the USPS or MSPB, and her failure to otherwise check her email for several weeks does not excuse her late response. *Mendoza*, 966 F.2d at 653 (noting excusable delay requires a petitioner to exercise "diligence or

---

[1] Ms. Scott also alleges she was improperly removed because of discrimination based on her back injuries. S. Appx. 38; Appellant's Informal Reply Br. 1. Because Ms. Scott did not raise a discrimination claim to the Board, *see* S. Appx. 22, she cannot raise it on appeal. *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985) ("Petitioner cannot raise before this court an issue which could have been raised below but which was not."). Further, to the extent Ms. Scott alleges her removal was discriminatory, we lack jurisdiction to review the Board's decision in the first instance. *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute . . . should seek judicial review in district court, not in the Federal Circuit.").

ordinary prudence"). As such, Ms. Scott cannot meet the heavy burden necessary to set aside the Board's decision on appeal.

## CONCLUSION

We have considered Ms. Scott's other arguments and find them unpersuasive. For the reasons given, we affirm the Board's decision dismissing Ms. Scott's appeal as untimely.

## **AFFIRMED**

### COSTS

No costs.