NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3134

BRIAN D. SULLIVAN,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Brian D. Sullivan, of North Las Vegas, Nevada, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3134

BRIAN D. SULLIVAN,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752070760-I-1.

_____

DECIDED:  June 24, 2008

_____

Before NEWMAN, GAJARSA, Circuit Judges and WARD, District Judge.[*]

NEWMAN, Circuit Judge.

Mr. Brian D. Sullivan appeals the Merit Systems Protection Board's order dismissing, as res judicata, his appeal relating to his removal.[1] We affirm the dismissal.

DISCUSSION

Mr. Sullivan was employed as a lock and security specialist at the Federal Prison

_____

[*]  Honorable T. John Ward, United States District Court for the Eastern District of Texas, sitting by designation.

[1]  Sullivan v. Dep't of Justice, Docket No. SF-0752-07-0760-I-1 (M.S.P.B. Dec. 11, 2007).

Camp Nellis in North Las Vegas, Nevada, until he was removed from that position effective February 25, 2000. The removal was on the ground of disrespectful conduct toward a supervisor, relating to an event that occurred on August 9, 1999. Mr. Sullivan appealed to the Merit Systems Protection Board. After two hearings, necessitated by the death of the assigned administrative judge after the first hearing, the substituted administrative judge affirmed the removal. The administrative judge found that the agency proved some but not all of the allegations comprising the charge, that it afforded Mr. Sullivan due process, that his various defenses were not proved, and that the agency considered all of the relevant factors and imposed a penalty that was within tolerable limits of reasonableness. Mr. Sullivan petitioned the full Board for review, but the initial decision became final when the two Board members who reviewed the initial decision did not agree on the disposition.[2] Chairman Suzanne T. Marshall voted without opinion to affirm the initial decision; Board Member Beth S. Slavet filed an opinion explaining that she would remand the appeal for further adjudication of Mr. Sullivan's retaliation claim and the penalty. Board Member Slavet found the administrative judge's findings deficient with respect to Mr. Sullivan's defense of retaliation for filing a grievance in connection with an earlier disciplinary action; she also found that several factors relevant to the reasonableness of the penalty had not been considered and showed that the penalty of removal was beyond the bounds of reasonableness.

Mr. Sullivan appealed the MSPB's final decision by filing a complaint in the U.S. District Court for the District of Nevada, asserting a Title VII race discrimination charge and

---

[2] Only two, rather than three, Board members reviewed the initial decision because of a vacancy in the Board. In these circumstances 5 C.F.R. §1200.3(b) provides that a split decision is deemed an affirmance.

requesting review of the remaining aspects of the Board's decision. On August 27, 2004 the district court granted summary judgment in favor of the government and affirmed the removal. Mr. Sullivan appealed to the Court of Appeals for the Ninth Circuit. While the appeal was pending, the parties executed a settlement agreement on March 15, 2005 in which Mr. Sullivan released all claims against the defendants relating to subject matter that gave rise to the case, in consideration of a $5,000 payment from the government. The settlement agreement stated that the parties agreed to dismissal with prejudice.

On August 22, 2007 Mr. Sullivan filed a new appeal to the MSPB, again contesting his February 25, 2000 removal. The Board ordered Mr. Sullivan to show cause why the appeal was not precluded by the doctrine of res judicata. Mr. Sullivan responded but did not address the res judicata issue, and on December 11, 2007, the Board dismissed the appeal on the ground of res judicata. Mr. Sullivan appeals this dismissal to this court. In his briefs Mr. Sullivan does not address the res judicata issue, but rather challenges the merits of the Board decisions of 2001 and 2002, and requests that this court reverse his removal.

The government, in response, characterizes the current petition as an appeal of the December 11, 2007 action of the Board. We agree that the current appeal is directed to the December 11, 2007 decision, and is timely only to the extent that it challenges the December 11, 2007 decision. See 5 U.S.C. §7703(b). We review that decision in view of the limited scope of review provided by 5 U.S.C. §7703(c).

Mr. Sullivan does not address the application of res judicata at all. He makes various assertions about the earlier case, arguing among other things that the initial decision should have been reviewed by three rather than two Board members, that certain

evidence was not considered, that the analysis of his retaliation defense was deficient, that the effect of an earlier unresolved Unfair Labor Practices charge he had brought against his union was not properly considered, and that the penalty was unreasonable. The government responds that these arguments could and should have been raised in the earlier appeal and that the MSPB correctly dismissed the current appeal as res judicata.

Claim preclusion or res judicata applies where (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). The prior appeals involved the same parties, in a forum of competent jurisdiction. The parties agreed in their settlement to dismiss the appeal then pending, with prejudice. See Pactiv Corp. v. Dow Chem. Co., 449 F.3d 1227, 1231 (Fed. Cir. 2006) ("A dismissal with prejudice is a judgment on the merits for purposes of claim preclusion."). This petition arose from the same event Mr. Sullivan previously challenged and eventually settled, namely, his removal on February 25, 2000. In the settlement agreement Mr. Sullivan agreed that he could not bring any cause of action "of whatsoever kind and nature, arising from . . . the same subject matter that gave rise to" the earlier MSPB case. The Board correctly concluded that any new theories Mr. Sullivan now presents should have been raised in his earlier proceedings, for the arguments concern the same "cause of action," which is his challenge to his removal. Mr. Sullivan furthermore has not shown that he could not have presented his current theories earlier, or that due process or any other concerns undermine the preclusive effect of the earlier adjudication. See, e.g., Pactiv, 449 F.3d at 1233-34 (discussing narrow exceptions to the

2008-3134                                              4

application of claim preclusion). We affirm the Board's dismissal on this ground.

We have considered all of Mr. Sullivan's other arguments, but they do not change the result.

No costs.