**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

AKI SINGAM,

              Appellant,

      v.

DEPARTMENT OF DEFENSE,

              Agency.

DOCKET NUMBER
DC-0752-16-0868-I-1

DATE: June 29, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aki Singam, Bethesda, Maryland, pro se.

Debbie Davis, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal on res judicata grounds. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective March 5, 2013, the appellant was removed from her position as a GS-12 Pharmacist at the Fort Belvoir Community Hospital (FBCH), Joint Task Force, National Capital Region Medical (JTF CAPMED), for failure to follow instructions, inappropriate behavior, and absence without leave. *Singam v. Department of Defense*, MSPB Docket No. DC-0752-16-0868-I-1, Initial Appeal File (IAF), Tab 2 at 43-45. She filed a Board appeal of the removal, which was dismissed as settled pursuant to a March 31, 2014 settlement agreement. *Singam*

---

[2] The appellant also filed a submission titled, Emergency Motion for Leave to File, in which she requested to file additional pleadings. PFR File, Tab 6. In this motion, the appellant is seeking leave to submit additional evidence that according to her was not readily available before the record closed and shows that she "was, at all times relevant, an Army employee." *Id.* Although the evidence she seeks to submit appears to postdate the close of the record, and therefore may be considered new, she has failed to explain how the evidence is material and would warrant an outcome different from that of the initial decision, which found that the same allegations she is raising here were barred under the doctrine of res judicata. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Accordingly, the appellant's Emergency Motion for Leave to File is denied.

*v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-I-2, Initial Decision (Apr. 1, 2014); *Singam v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-I-2, Refiled Appeal File (RAF), Tab 37, Initial Decision (*Singam I* ID).[3]

¶3    On September 30, 2014, the appellant filed a petition for enforcement of the settlement agreement. *Singam v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-C-1, Compliance Initial Decision (Jan. 15, 2016).[4]    The administrative judge denied the petition for enforcement and dismissed the agency's cross petition for enforcement as moot. *Id.* at 1, 11. The appellant filed a petition for review with the Board, which denied her petition and affirmed the compliance initial decision. *Singam v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-C-1, Final Order (July 15, 2016) (*Singam II* Final Order).

¶4    The appellant filed the instant appeal on August 12, 2016. IAF, Tab 2. Therein, she appealed the March 5, 2013 removal action and alleged that the agency committed prohibited personnel practices, including discrimination based on age, national origin, race, and sex; retaliation for past equal employment opportunity (EEO) activity; and retaliation for whistleblowing and other protected activity. *Id.* at 1-42. She named the Army Medical Command, Department of the Army, as the agency that took the contested action against her. *Id.* at 1. The administrative judge docketed the appeal naming the Department of Defense (DOD) as the respondent agency, and she issued a comprehensive show cause order, in which she informed the appellant that her appeal was not a new one and that the issues she raised could have been litigated in *Singam I* had that appeal not been dismissed as settled. IAF, Tab 3, Tab 4 at 2. She also explained that prohibited personnel practices are not an independent source of the Board's jurisdiction and that the appellant had already elected her remedy for alleged

---

[3] We will refer to this appeal as *Singam I.*

[4] We will refer to the petition for enforcement as *Singam II.*

whistleblower retaliation when she filed her previous appeal. IAF, Tab 4 at 2-3. She further observed that the appeal appeared to arise from the removal action in *Singam I* and set forth the standard for dismissal on res judicata grounds. *Id.* at 3. She then ordered the appellant to produce evidence and argument as to why her appeal should not be dismissed. *Id.* at 4.

¶5     The appellant responded by filing a motion requesting that Board issuances reflect the Department of the Army as the responding agency, rather than DOD. IAF, Tab 5. The administrative judge denied that motion, explaining that DOD had been the responding agency in the appellant's prior appeal and compliance matter and that the agency had never notified the Board that it was not the correct respondent. IAF, Tab 6. On September 28, 2016, the appellant moved for the recusal or withdrawal of the administrative judge. IAF, Tab 7. She also requested that her motion be certified to the Board as an interlocutory appeal pursuant to 5 C.F.R. § 1201.42(c) if the administrative judge denied it. *Id.* The administrative judge denied both of these motions. IAF, Tab 8. The appellant asked the administrative judge to reconsider her rulings. IAF, Tab 9. The administrative judge denied the request, stating: "This is my final ruling on this matter, and I will not address any further motions concerning the issues raised in the appellant's September 28, 2016 motions." IAF, Tab 10.

¶6     The appellant subsequently answered the show cause order, and the agency also filed its responses. IAF, Tabs 12-16. The appellant then moved to disqualify the agency representative, D.D., arguing that she was not authorized to represent the agency. IAF, Tab 17. The agency responded. IAF, Tab 18. The administrative judge denied that motion in the initial decision. IAF, Tab 20, Initial Decision (ID) at 5-6 n.5. The administrative judge dismissed the appeal on res judicata grounds. ID at 1, 8. Among other things, the administrative judge explained that DOD was the proper responding agency and, had the appellant intended to object to that determination, she should have done so before settling

her earlier appeal. ID at 7 & n.8. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

## ANALYSIS

<u>The administrative judge properly dismissed this appeal on res judicata grounds.</u>

¶7 The appellant argues that the administrative judge erred in dismissing this appeal on res judicata grounds. *Id.* at 13-22. Under the doctrine of res judicata, a valid final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). Res judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction, (2) the prior decision was a final decision on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

> *For res judicata purposes, the Board is a forum with competent jurisdiction and the appellant's two removal appeals arise from the same cause of action.*

¶8 The Board is a forum with competent jurisdiction over the appellant's removal. *See* 5 U.S.C. §§ 7512, 7513(d), 7701(a). The same cause of action means the same set of facts that gives an appellant a right to seek relief from the agency. *Navarro v. Office of Personnel Management*, 105 M.S.P.R. 278, ¶ 4, *aff'd per curiam*, 252 F. App'x 316 (Fed. Cir. 2007). We find that both appeals arose from the appellant's March 5, 2013 removal from the Pharmacist, GS-0660-12 position at the FBCH, and that any additional issues she seeks to raise were known to her at the time of her earlier appeal and could have been litigated then.[5] *Singam I*, RAF, Tab 1 at 1-60. We also find that she waived these issues under

---

[5] Prohibited personnel practices, including discrimination and retaliation, are also not independent sources of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

the settlement agreement.  *Singam I*, RAF, Tab 36 at 2; *see Ford-Clifton v. Department of Veterans Affairs*, [661 F.3d 655](), 661 (Fed. Cir. 2011) (citing *Mannion v. Department of the Treasury*, 429 F. App'x 986 (Fed. Cir. 2011), for the proposition that an appellant cannot reinstate or reopen a Board appeal when, in a settlement agreement for that appeal, she has voluntarily waived the right to pursue any and all of her claims in any forum).

> *For res judicata purposes, the Singam I Initial Decision dismissing the removal appeal as settled is a valid final judgment on the merits.*

¶9    The appellant asserts that the administrative judge erroneously dismissed this appeal on res judicata grounds because the settlement agreement was not a valid final judgment on the merits of the removal action.  PFR File, Tab 1 at 13-14, 16-19.  Courts widely agree, however, that an earlier dismissal based on a settlement agreement constitutes a final judgment on the merits in a res judicata analysis.  *Ford-Clifton*, 661 F.3d at 660-61.  The appellant argues that *Ford-Clifton* is inapposite because the court in that case found that the parties' settlement agreement was both "lawful" and "a full and complete settlement of all issues in the appeal," *id.*, whereas here, the parties reached the settlement agreement in the appellant's concurrent EEO complaint and it "is not in the record" for her Board appeal, PFR File, Tab 1 at 17.  The settlement agreement, however, *is* in the record.  *Singam I*, RAF, Tab 36.  The administrative judge reviewed the agreement and entered it into the record for enforcement purposes. *Singam I* ID at 1-2.

¶10    The appellant asserts that the settlement agreement does not state whether it constitutes a full and complete settlement of her earlier appeal or whether it was intended to settle any other claims against the agency, including any past claims she may have had against the Department of the Army, the Department of the Navy, or JTF CAPMED, a predecessor to the Defense Health Agency (DHA).  PFR File, Tab 1 at 14-19.  The appellant did not develop this issue during the proceeding before the administrative judge to the degree she does now.  IAF,

Tab 12; *see Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980) (holding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Even if she had done so, we find that the settlement agreement explicitly addresses these matters. The settlement agreement explicitly states that it:

> constitutes full and complete settlement and withdrawal with prejudice of the above-captioned Merit Systems Protection Board (MSPB) case and the Equal Employment Opportunity (EEO) Complaint, including Docket Numbers (MSPB: DC-0752-l3-0457-l-2; EEO: JFT-CAPMED 12-0079). In addition, the Appellant waives her right to pursue administrative or judicial action against the Agency and its officials, representatives, agents, and employees, former officials, or former employees in any forum . . . based on any facts or circumstances that were known or should have been known and that were related to her employment with the Department of Defense up to and including the effective date of this Agreement.

*Singam I*, RAF, Tab 36 at 2.

¶11    The appellant additionally asserts that the settlement agreement here cannot underlie a final judgment on the merits for res judicata purposes because the agreement lacks certain provisions required under the Whistleblower Protection Enhancement Act of 2012 (WPEA). PFR File, Tab 1 at 19. The WPEA states, in pertinent part:

> Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority . . . implement or enforce any nondisclosure policy, form, or agreement, if such policy, form, or agreement does not contain the following statement: "These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger

> to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling."

5 U.S.C. § 2302(b)(13).

¶12    We will not consider the issue of whether omitting such a statement from the settlement agreement would invalidate that agreement as the basis for a final judgment on the merits. The appellant did not assert this argument during the proceeding before the administrative judge, and she has not argued that it is based on new and material evidence not previously available despite her due diligence. IAF, Tabs 2, 12; *see Banks*, 4 M.S.P.R. at 271. She also has not shown that the agency has sought to prevent her from making any disclosure or filing any complaint, including the instant appeal.

¶13    The appellant also asserts that the administrative judge's failure to include mixed-case appeal rights in the *Singam II* compliance initial decision retroactively tainted *Singam I*, affecting the validity of the Board's final decision. PFR File, Tab 1 at 6-7, 10. There was, however, no such error in *Singam I*, and the Board corrected the omission in the Final Order for *Singam II*. *Singam I* ID at 6-8; *Singam II* Final Order at 8 n.8. The appellant's argument is thus unavailing, and we conclude that the initial decision dismissing *Singam I* as settled is a valid final judgment on the merits[6] for purposes of the res judicata analysis.

> *For res judicata purposes, the same parties or their privies were involved in both appeals because DOD is the proper responding agency.*

¶14    The appellant asserts that the administrative judge erred in changing the responding agency that she designated when she filed her appeal, Army Medical

---

[6] The initial decision became the Board's final decision when neither party filed a petition for review. 5 C.F.R. § 1201.113.

Command, the Department of the Army, to DOD. PFR File, Tab 1 at 11-12. She alleges that the Department of the Army was her employer before she was removed and is thus the proper responding agency, and that the DHA is neither identical to nor in privity with that agency for purposes of res judicata analysis. *Id.* at 14-16.

¶15 In the prior removal appeal, the administrative judge excluded the Department of the Army and Department of the Navy as parties and determined that DOD was the proper responding agency. *Singam v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-I-1, Initial Decision (Dec. 13, 2013) at 2 n.1. The administrative judge explained that the appellant's removal would be the only personnel action adjudicated in the appeal and her affirmative defenses would be adjudicated only as they concerned the removal action. *Id.* The appellant was represented by counsel at the time. *Id.* at 1. She did not file a petition for review.

¶16 After she filed the current appeal, the appellant had an opportunity to explain why she believed that the Department of the Army was the proper responding agency. IAF, Tab 12. The agency, however, established that it is the proper responding agency. The agency showed that the appellant was assigned to JTF CAPMED, a DOD sub-agency, at the time she was removed. IAF, Tab 16 at 46. The agency explained that JTF CAPMED later became the National Capitol Region Medical Directorate (NCR MD), which was established effective October 1, 2013, after the appellant was removed. IAF, Tab 15 at 4-5. NCR MD along with the FBCH was administratively assigned to the DHA, which is subordinate to DOD. *Id.*; IAF, Tab 12 at 6; *Singam II* Final Order at ¶ 5 n.5. The administrative judge thus found that DOD was the proper responding agency.[7] ID

---

[7] As noted above, *supra* ¶ 1 n.2, after the record on review closed, the appellant filed a pleading titled Emergency Motion for Leave to File, in which she also asked the Board's permission to file an EEO counselor's report describing an interview with the agency's former representative, an officer in the U.S. Army Judge Advocate General's

at 7. We agree and likewise find that the appellant has not shown that the appeal should not be dismissed on res judicata grounds.

The appellant's allegations regarding the qualifications and alleged misconduct of agency representatives are unsubstantiated.

¶17 The appellant asserts that the administrative judge erred in designating Major D.C. as an agency representative because he was "at all times assigned to the Army Northern Region Medical Command and not to the DHA or FBCH." PFR File, Tab 1 at 13. She asserts that, during the first appeal, Major D.C. illegitimately "installed himself as an agency representative" and violated her due process rights. *Id.* at 20. She asserts he was separated from military service for that reason. *Id.* The appellant asserts that another agency representative, D.D., lost her license to practice law in Maryland after the appellant filed an ethics complaint against her.[8] *Id.* She also alleges that D.D. violated her due process rights. *Id.* The appellant concludes that the agency representatives' conduct tainted the proceedings in *Singam I*, calling into question the validity of the Board's final decision. *Id.*

¶18 The exhibits included with the appellant's petition for review do not prove her allegations. PFR File, Tab 1 at 53-56, 58-60. To the extent that these

_____

(JAG) corps. PFR File, Tab 6 at 5-6. As described by the appellant, that report sets forth the JAG officer's explanation that, while he was assigned to the DHA at FBCH, he served under the direct supervision and authority of the DHA and FBCH, although he was paid and trained by his military branch, and that the appellant's "position at the time in question as military Army assigned to FBCH would have been the same." *Id.* (emphasis omitted). The appellant claims that this statement establishes that she was an employee of the U.S. Army. *Id.* at 6. We find that the appellant has failed to demonstrate that the information in this statement was previously unavailable or of sufficient weight to change the outcome. 5 C.F.R. §§ 1201.114(k), 1201.115(a)(1), (d). Therefore, we deny the appellant's motion.

[8] In her reply to the agency's response to the petition for review, the appellant speculates that D.D. is either no longer employed by the agency or working under a pseudonym, and that other agency attorneys have inserted a clip art version of her signature in the agency's pleadings. PFR File, Tab 4. The appellant's allegations are nothing more than her unsubstantiated opinion.

exhibits do not introduce information that would have been available before the record closed had the appellant been diligent in pursuing it, *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence),[9] little can be gleaned from them.  The exhibits show that Major D.C. was assigned to DHA at one time and retired from active duty on September 30, 2016, and that the agency had not yet acceded to the appellant's demand to prove that D.D. was its authorized representative.  PFR File, Tab 1 at 53-56, 58-60.

¶19    The agency, however, acknowledged its choice of representative, and we find that is sufficient.  IAF, Tab 18.  A party may designate its representative, revoke such a designation, and change such a designation in a signed submission, submitted as a pleading.  5 C.F.R. § 1201.31(a).  A party may choose any representative as long as that person is willing and available to serve.  5 C.F.R. § 1201.31(b).  A party's representative need not be an attorney.  *Walton v. Tennessee Valley Authority*, 48 M.S.P.R. 462, 469 (1991); *see Augustine v. Department of Veterans Affairs*, 429 F.3d 1334, 1338-40 (Fed. Cir. 2005) (holding that states cannot regulate attorney practice before the Board).  The other party or parties may challenge the party's designation of a representative, however, on grounds that it involves a conflict of interest or a conflict of position.  5 C.F.R. § 1201.31(b).  The appellant has not at any point posed such a challenge.  The administrative judge properly denied any and all challenges based on the allegations the appellant raises on review, and we reject them as well.  ID at 5-6 n.5.

---

[9] Some of the exhibits with the petition for review predate the close of the record below.  PFR File, Tab 1 at 46, 48-51, 53, 55-56.

<u>Even if the administrative judge erred, the appellant has not shown that she was harmed.</u>

¶20       The appellant argues that the administrative judge, through her paralegal, "engaged in protracted ex-parte communication" with her regarding matters involving the merits of the case, and that she failed to include the complete correspondence in the record in violation of Board regulations. PFR File, Tab 1 at 10; *see* 5 C.F.R. §§ 1201.101–1201.103. The appellant explains that she filed the appeal on August 12, 2016, and then engaged in correspondence with the administrative judge's paralegal beginning on August 17, 2016, wherein the administrative judge sought to refuse her filing of a new appeal. PFR File, Tab 1 at 7, 10-11. The appellant asserts that the administrative judge docketed the appeal only after she referred the ex parte correspondence to the Board's Inspector General. *Id.* at 7.

¶21       The appeal was docketed on August 12, 2016. IAF, Tab 2. The record shows that a paralegal in the Washington Regional Office sent the appellant an August 17, 2016 rejection letter explaining that she had previously filed an appeal based on the same removal action as the instant appeal. The record does not contain the appellant's responses to that letter. IAF, Tab 1. The appellant provided copies of those responses with the petition for review. PFR File, Tab 1 at 33-35, 48-51.

¶22       Board regulations generally prohibit oral or written communications between an administrative judge and an interested party to a case before her, when those communications concern the merits of a matter before the Board for adjudication, and when they are made without providing the other party or parties to the appeal with an opportunity to participate. *Martinez v. U.S. Postal Service*, 89 M.S.P.R. 152, ¶ 24 (2001); 5 C.F.R. §§ 1201.101–1201.102. Here, the correspondence to which the appellant refers arguably goes to procedural matters and not the merits of the appeal. Nevertheless, even if the administrative judge erred by not docketing the appellant's responses, the appellant has not shown that

she was harmed by the omission. The excluded party, the agency, has not asserted that it was harmed. Conversely, the presence of the August 17, 2016 letter in the record alerted the agency that the administrative judge initially rejected the pleading. In any event, the appellant herself effectively cured any defect in the record by providing the remaining correspondence. *See* 5 C.F.R. § 1201.103(a).

¶23        The appellant also argues that the administrative judge issued an undated order denying her September 28, 2016 motion and failed to "describe the motion and [her] reasons for granting or denying the motion" in that order. PFR File, Tab 1 at 11. She additionally argues that the administrative judge did not describe accurately the sequence of motions and orders in the initial decision. *Id.* The record shows, however, that the order to which the appellant refers bears the date September 29, 2016. IAF, Tab 8. Although the order does not describe the appellant's September 28, 2016 motion in detail or explain the administrative judge's reasons for denying it, the administrative judge correctly pointed out that the appellant's appeal rights would allow for the review of her decision. *Id.* The initial decision reflects the record. ID at 2-5. We find no abuse of discretion or evidence of bias in this matter, and accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.