NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN P. PIRKKALA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1941

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-15-0454-M-1.

---

Decided: November 6, 2023

---

ALEXA HANSEN, Covington & Burling LLP, San Francisco, CA, argued for petitioner. Also represented by ANTONIO JAMES CARVALHO, Washington, DC.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Steven P. Pirkkala petitions for review of a Merit Systems Protection Board ("Board") final order dismissing Mr. Pirkkala's appeal of his removal action for being untimely filed without showing good cause for the delay. *Pirkkala v. Dep't of Just.*, No. AT-0752-15-0454-M-1, 2022 WL 1230838 (M.S.P.B. Apr. 26, 2022) ("*Final Order*"). We *affirm*.

## I.     BACKGROUND

On March 27, 2009, the United States Department of Justice, Federal Bureau of Prisons ("Agency") removed Mr. Pirkkala from his Correctional Treatment Specialist position at the Federal Correctional Institution in Miami, Florida. *See* J.A. 220–23. Six years after his removal, on March 27, 2015, Mr. Pirkkala filed an appeal with the Board challenging his removal. *See Final Order* at *1; J.A. 44–47.

In April 2015, the administrative judge notified Mr. Pirkkala that his appeal appeared to be untimely filed and directed him to submit evidence and argument demonstrating that good cause existed for his filing delay. *See Final Order* at *1; J.A. 78–83. Mr. Pirkkala submitted medical evidence indicating that he had sought treatment for certain medical conditions at various times between his removal and the filing of his appeal with the Board. *See Final Order* at *1. In June 2015, in an initial decision, the administrative judge dismissed Mr. Pirkkala's appeal for lack of jurisdiction without addressing whether the appeal was timely. *See Pirkkala v. Dep't of Just.*, No. AT-0752-15-0454-I-1, 2015 WL 3962202 (M.S.P.B. June 24, 2015); *see also Final Order* at *1. The Board vacated the initial decision in March 2016, finding there was jurisdiction over Mr. Pirkkala's appeal, but dismissed the appeal as untimely filed without showing good cause for the delay. *See Pirkkala v. Dep't of Just.*, No. AT-0752-15-0454-I-1, 2016 WL 1295940, at *1 (M.S.P.B. Mar. 31, 2016) ("*First Order*"). Mr. Pirkkala appealed from the Board's First Order to this court, and the Board moved unopposed to vacate the First

Order in part and remand the case for further consideration in view of certain medical evidence not considered by the Board. *See* J.A. 651–53. This court granted the Board's motion and remanded Mr. Pirkkala's appeal to the Board for further consideration in April 2017. *See id.*

On remand, the Board considered Mr. Pirkkala's medical evidence and again dismissed the appeal as untimely filed without showing good cause for the delay. *See Final Order* at *1, *4. Specifically, within the period of delay, the Board found that Mr. Pirkkala failed to show good cause from August 27, 2009 through December 7, 2009, and from February 9, 2010 through March 27, 2010. *Id.* at *2–4. Mr. Pirkkala now appeals from the Board's final order, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.    DISCUSSION

"We affirm a decision of the Board unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." *Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 658–59 (Fed. Cir. 2011) (citing 5 U.S.C. § 7703(c)).

An appeal to the Board must be filed no later than thirty days after the effective date of the action being appealed or thirty days after the date of receipt of the agency's decision, whichever is later. *See* 5 C.F.R. § 1201.22(b)(1). This time limit may be waived if the petitioner demonstrates good cause for such waiver. *See id.* §§ 1201.22(c), 1201.12; *see also Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza*, 966 F.2d at 653 (collecting cases). "To demonstrate on appeal that the Board abused its discretion," the petitioner "bears a heavy

burden." *Ford-Clifton*, 661 F.3d at 659 (internal quotation marks and citation omitted).

"The Board has held that when petitioners allege delay for medical reasons," as is the case here, "they must affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing." *Ford-Clifton*, 661 F.3d at 659 (first citing *Jerusalem v. Dep't of Air Force*, No. AT-0752-88-0195-I-1, 2008 WL 238455 (M.S.P.B. Jan. 28, 2008), *aff'd sub nom. Jerusalem v. Merit Sys. Prot. Bd.*, 280 F. App'x 973 (Fed. Cir. 2008); and then citing *Lacy v. Dep't of the Navy*, No. SF-0752-97-0367-I-1, 1998 WL 300878 (M.S.P.B. June 2, 1998)).

On appeal, the parties do not dispute that Mr. Pirkkala's March 27, 2015 appeal of his March 27, 2009 removal was untimely. *See* Pet'r's Br. 15; Resp't's Br. 18. Rather, the dispute concerns the Board's good cause determination. *See* Pet'r's Br. 15–16; Resp't's Br. 18–19. Mr. Pirkkala argues that the Board abused its discretion in failing to consider "ample medical evidence" and in finding no good cause to excuse his filing delay for the following time periods: August 27, 2009 through December 7, 2009, and February 9, 2010 through March 27, 2010. Pet'r's Br. 15–16; *see also id.* at 21–35. Mr. Pirkkala contends that his medical evidence concerning various physical and mental health conditions showed good cause for delay for these two time periods. *See* Pet'r's Br. 15–16; *see also id.* at 21–35.

Focusing on the first time period of August 27, 2009 through December 7, 2009, Mr. Pirkkala's medical evidence indicates that he has had a history of health conditions. *See, e.g.*, J.A. 477–83. However, because Mr. Pirkkala "allege[s] delay for medical reasons," he must "explain how the illness prevented a timely filing." *Ford-Clifton*, 661 F.3d at 659 (citations omitted). Substantial evidence supports the Board's finding that Mr. Pirkkala

failed to provide such an explanation. The Board found that Mr. Pirkkala did "not present[] evidence of the existence of circumstances beyond his control that affected his ability to file or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to file his Board appeal for the 3-month period of time between August and December 2009." *Final Order* at \*4. Indeed, the Board found that Mr. Pirkkala's ability to file an unfair labor practice complaint against his union with the Federal Labor Relations Authority during this first time period contradicts his contention that his conditions prevented him from timely filing his removal appeal.[1] *See Final Order* at \*3–4; J.A. 237–38, 581; *Burton v. Merit Sys. Prot. Bd.*, No. 00-3140, 2000 WL 767851, at \*2 (Fed. Cir. 2000) (finding that the "Board did not abuse its discretion in dismissing [Petitioner's] untimely appeal" because "despite [Petitioner's] mental condition and his medication regimen, he nonetheless was able to conduct a number of sophisticated legal or legal-related activities, including . . . filing an equal employment opportunity complaint in federal district court (after he was removed from the agency but *before* his appeal to the Board was due) . . . ."). This finding is supported by substantial evidence.

Accordingly, the Board did not abuse its discretion in finding that Mr. Pirkkala failed to show that his health conditions "prevented him from appealing his removal between August and December 2009." *Final Order* at \*4 (citation omitted); *see Ford-Clifton*, 661 F.3d at 659. Because

---

[1] Mr. Pirkkala pursued his unfair labor practice complaint until at least July 2010. *See* J.A. 238, 255; *see also Final Order* at \*3 n.7. Such activity partially overlapped with Mr. Pirkkala's pursuit of disability retirement benefits with the Office of Personnel Management, which he initiated at some point prior to March 27, 2010. *See Final Order* at \*2 & n.4.

Mr. Pirkkala must "address[] the entire period of delay" and he failed to show that the Board's findings for the first disputed time period lacked substantial evidence, we need not reach the second disputed time period of February 9, 2010 through March 27, 2010. *See Ford-Clifton*, 661 F.3d at 659 (citations omitted). We therefore affirm the Board's dismissal of Mr. Pirkkala's appeal as untimely filed and its determination that he failed to establish good cause for the delay. *See Final Order* at *4 (citation omitted); *Ford-Clifton*, 661 F.3d at 659 ("affirm[ing] the Board's determination that good cause was not shown to excuse Petitioner's filing delay" because "as the Board properly found, there [wa]s no accompanying explanation of how [Petitioner's] condition prevented a timely filing").

## III.    CONCLUSION

We have considered Mr. Pirkkala's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's final order.

## AFFIRMED

COSTS

No costs.