NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3237

ELIGIO B. USON, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Eligio B. Uson Jr, of Olongapo City, Philippines, pro se.

Jeffrey A. Gauger, Acting Associate General Counsel, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.  Of counsel was Calvin M. Morrow, Attorney.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3237

ELIGIO B. USON, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: October 4, 2007

_____

Before MAYER, <u>Circuit Judge</u>, JACOBS, <u>Chief Judge</u>[*], and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Eligio B. Uson, Jr. petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing as untimely his appeal of the decision of the Office of Personnel Management ("OPM") denying his application for an annuity under the Civil Service Retirement System ("CSRS"). Because we find that Mr. Uson has not shown good cause for the delay in filing his appeal, we <u>affirm</u>.

BACKGROUND

Mr. Uson retired from federal service on May 5, 1989 after thirty-four years of government service as a driver at the Navy Public Works Center, Subic Bay, Philippines. Mr. Uson applied to OPM for an annuity under the CSRS. On September

---

[*]  Honorable Dennis Jacobs, Chief Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

13, 2000, OPM issued its final reconsideration decision, finding that Mr. Uson was not entitled to an annuity.

Mr. Uson appealed to the Board on March 27, 2003. The administrative judge dismissed the appeal on June 9, 2003, finding that, even taking into account mail delays to and from the Philippines, the appeal was filed more than sixteen months after the filing deadline and that good cause did not exist to waive the deadline. Included at the end of the dismissal was a notice stating that the initial decision would become final on July 14, 2003, unless a petition for review was filed by that date.

On November 15, 2006, Mr. Uson, represented by counsel, filed a petition for review by the full Board of the June 9, 2003, initial decision. Shortly thereafter, the Board sent a letter to Mr. Uson stating that the petition appeared to be untimely and, therefore, must be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. On December 1, 2006, Mr. Uson filed such a motion, which included an affidavit stating that his attorney received the June 3, 2003, decision on September 28, 2006, and that the reason for the delay in filing the petition was that Mr. Uson was unable to afford counsel.

The Board, in a final order issued April 9, 2007, found that Mr. Uson had not established good cause for the untimely filing of his petition for review and dismissed the petition. Uson v. Office of Pers. Mgmt., 105 M.S.P.R. 402 (2007).

Mr. Uson timely petitioned this court for review of the final order by the Board dismissing his petition.

## DISCUSSION

This court has jurisdiction to review a final decision or order by the Board.

5 U.S.C. § 7703(b)(1) (2000).  We must affirm the decision by the Board unless we find it to be:  "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2000); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994).

On appeal, Mr. Uson argues that the Board, in rendering its final decision, failed to take into account his inability to understand the initial decision and to obtain legal assistance in a timely manner.  Pursuant to 5 C.F.R. § 1201.114(d), a "petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision."  The Board may waive the time limit upon the showing of good cause for an untimely filing.  5 U.S.C. § 7701(e)(1) (2000).  The petitioner has the burden of demonstrating excusable delay by showing that he exercised due diligence and ordinary prudence in attempting to meet the filing deadline.  Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003); Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992).

In determining whether good cause supports a waiver of the time limit for filing an appeal, the Board considers several factors: the length of the delay; whether the petitioner was notified of the time limit; the existence of circumstances beyond the control of the petitioner which contributed to his inability to comply with the deadline; negligence by the petitioner and whether or not the negligence is excusable; any

unavoidable casualty or misfortune which may have prevented timely filing; and prejudice to the agency. Walls, 29 F. 3d at 1582.

Here, the Board considered that the length of the delay was substantial and that Mr. Uson had been notified of the time limit in the Board's initial decision. Mr. Uson's argument that he had difficulty obtaining legal counsel lacks merit. The Board has consistently held that the inability to secure legal representation does not establish good cause for the waiver of a filing deadline. Goldtooth v. Merit Sys. Prot. Bd., 69 M.S.P.R. 662, 663-64, aff'd, 106 F.3d 427 (Fed. Cir. 1997); Block v. Def. Logistics Agency, 40 M.S.P.R. 198, 199-200, aff'd, 889 F.2d 1099 (Fed. Cir. 1989). Mr. Uson presents no evidence to show due diligence in attempting to retain legal counsel and in preparing his petition for review between July 14, 2003, when it was due, and November 15, 2006, when his attorney ultimately filed the petition for review. Accordingly, the Board properly concluded that there was no showing of good cause to support waiver of the time limit for filing the appeal.

This court is similarly unpersuaded by Mr. Uson's argument that the Board failed to consider the fact that he had thirty-four years of government service as it is irrelevant to the timeliness of his petition for review. In the absence of any evidence showing good cause for the significant delay in filing the petition for review, this court must conclude that the final order of the Board dismissing the petition was not arbitrary, capricious or an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.