## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICKI M. VANN,<br> Appellant, | DOCKET NUMBER<br>SF-0714-19-0683-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br> AFFAIRS,<br> Agency. | DATE: September 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vicki M. Vann, Victorville, California, pro se.

Mickel-Ange Eveillard, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member\*

\*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e)-(g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

Under the authority of 38 U.S.C. § 714, the agency removed the appellant from her position as a GS-09 Administrative Officer effective September 6, 2019. Initial Appeal File (IAF), Tab 4 at 13, 15. She filed a timely appeal of her removal to the Board. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming her removal. IAF, Tab 23, Initial Decision (ID) at 23-24. The decision was issued on December 2, 2019, and informed the appellant that any petition for review must be filed by January 6, 2020. ID at 24.

On January 6, 2020, via e-Appeal, the appellant filed a notice directed "to the agency and attorney of record," in which she stated that she "wholeheartedly disagree[d]" with the administrative judge's decision but was "unable to proceed with this MSPB Appeal or Petition for Review due lack of financial resources for legal counsel." Petition for Review (PFR) File, Tab 1 at 4. On January 22, 2020, the Office of the Clerk of the Board (Clerk's Office) issued a notice to the appellant requesting that she respond by February 6, 2020, if she wanted it to consider her correspondence a petition for review. PFR File, Tab 2 at 1. The Clerk's Office stated that it had attempted to contact the appellant three times by telephone and twice by email to determine the intent of her submission. *Id.* The notice, as well as the initial decision, also provided a "Notice Regarding Lack of Quorum," advising the appellant that the lack of a quorum did not serve to extend the time limit for filing a petition for review. *Id.* at 2; ID at 25.

The appellant did not contact the Board until May 18, 2022, when she filed an "initial appeal" via e-Appeal, which was dismissed by the Denver Field Office and referred to the Clerk's Office for docketing as a petition for review of the December 2, 2019 initial decision. *Vann v. Department of Veterans Affairs*, MSPB Docket No. SF-3443-22-0388-I-1, Initial Appeal File, Tabs 1, 5-6; PFR File, Tab 4 at 1. The Clerk's Office acknowledged the filing date as May 18, 2022, and advised the appellant that her petition was untimely filed

because it was not received by January 6, 2020. PFR File, Tab 4 at 1-2. In response, the appellant has filed a motion requesting that the Board waive the deadline for filing her petition for good cause. PFR File, Tab 5 at 4-5.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

In her timeliness motion, the appellant refers back to her statements in her January 6, 2020 correspondence and argues that she was not aware that she could ask for an extension of time to file a petition for review. *Id.* She also states that she had intermittent internet service due to financial hardship and did not receive emails from the Clerk's Office in a timely manner, and that she "did not receive any regular mail from the [Clerk]." *Id.* at 4. She alleges that, based on the lack of quorum, she concluded that she "did not have any ability to get [her] file to the MSPB for [p]etition for [r]eview." *Id.*

The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows she received the initial decision more than 5 days after it was issued, within 30 days of her receipt of the decision. 5 C.F.R. § 1201.114(e). The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014); 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of

---

[2] The appellant also filed a motion for leave to submit an additional pleading, in which she seeks to file an additional pleading that will "substantiate ongoing harassment and defamation by the Agency" and "highlight the Agency's recent attempts to obstruct the Federal Service Employment career with a Service Computation Date (SCD) on or about 2003." PFR File, Tab 7. We deny the appellant's motion, as the pleading she seeks to submit would not address the timeliness of her petition.

due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Id.*

We find that the appellant has not demonstrated the diligence or ordinary prudence necessary to establish good cause. An appellant has a personal duty to monitor the progress of her appeal and ensure that it is timely filed. *See Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶¶ 13-14 (2008); 5 C.F.R. § 1201.14(j)(3) (2020). If she intended to file a petition for review on January 6, 2020,[3] she did not diligently monitor her appeal to ensure receipt of notices such as the Clerk's Office's January 22, 2020 notice to clarify her pleading. To the extent that she had "intermittent" internet service, she failed to take steps to withdraw as an e-filer and ensure service of such documents by other means. PFR File, Tab 5 at 4-5; *see* 5 C.F.R. § 1201.14(e)(4), (j)(3) (2020). We consider her delay of over 2 years in filing her petition for review to be lengthy. *See, e.g., Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 9 (2008). Although she alleges a mistaken assumption regarding the effect of the Board's lack of quorum, we note that both the initial decision and the January 22, 2020 notice from the Clerk's Office provided straightforward instructions for filing a petition for review and a notice that the lack of quorum did not serve to extend the time limit for filing. PFR File, Tab 2 at 2, Tab 5 at 4-5; ID at 25. We have considered that the appellant is pro se; however, her failure to follow the straightforward instructions in the initial decision does not show due diligence despite her pro se status. *See Williams*, 109 M.S.P.R. 237, ¶ 9. Furthermore, we find that her argument that she could not afford legal counsel does not establish

---

[3] Her attempt to initiate a new Board proceeding in May 2022 seems inconsistent with holding a reasonable belief that she had an active petition for review already pending since January 2020 that was just awaiting restoration of a quorum. PFR File, Tab 5 at 4 (stating that she filed in May 2022 upon hearing of the restored Board quorum).

good cause for her lengthy delay under the circumstances of this case. *See, e.g.,* *Uson v. Office of Personnel Management*, 105 M.S.P.R. 402, ¶ 5, *aff'd*, 250 F. App'x 326 (Fed. Cir. 2007); *Depierro v. U.S. Postal Service*, 54 M.S.P.R. 251, 253 (1992).

We acknowledge the decisions in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), and *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), issued on August 12, 2021, approximately 1 ½ years after the initial decision in this case and 9 months prior to the appellant's untimely petition for review. These cases pertain to the Board's review of actions taken by the Department of Veterans Affairs under 38 U.S.C. § 714. The appellant is not arguing good cause based on these or any other precedent. PFR File, Tabs 3, 5. In any event, 9 months is a significant delay between the issuance of these decisions and the filing of her petition for review. We find that the issuance of new precedent after the expiration of the time period for filing a petition for review does not establish good cause for waiver of the time limit here. *See, e.g.*, *Olson v. Department of Agriculture*, 91 M.S.P.R. 525, ¶ 6 (2002); *Deem v. Office of Personnel Management*, 58 M.S.P.R. 468, 470 (1993).

Accordingly, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.